IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, | ) ) ) | |
| IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, | ) ) ) ) | CIVIL ACTION NO. |
| JOSEPH J. BURKE, as Administrative Manager, | ) ) ) | JUDGE |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| AREA ERECTORS, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN, IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND and JOSEPH J. BURKE, as Administrative Manager (collectively "Funds" or "Plaintiffs"), by their attorneys, complaining of the Defendants, AREA ERECTORS, INC., an Illinois corporation, allege as follows:

1.      This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA").  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2.      Plaintiffs, the IRON WORKERS' MID-AMERICA PENSION PLAN and IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, are jointly administered pension trust funds and bring this action as "employee pension benefit funds" and "plans," under ERISA, and Plaintiff, JOSEPH J. BURKE, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto.  Plaintiff Funds are administered within this District and Division, making jurisdiction proper under 29 U.S.C. §1132(e)(2).

3.      Plaintiffs have further been engaged to collect contributions due to various other jointly administered trust funds, including Local 111 Apprentice Training Fund, Local 111 Building or Industry Fund, Local 111 ILLOWA/Labor Management Fund, Local 111 IMPACT Fund, Local 112 IMPACT Fund, Local 112 Apprentice Training Fund, Local 112 CCIL Fund, Local 112 Building Trades Fund, Local 444 Apprentice Training Fund, Local 444 Building or Industry Fund, Local 444WZ Apprentice Training Fund, Local 444WZ Industry Advancement Fund, and Local 444WZ Labor/Management Fund.

4.      Defendant, AREA ERECTORS, INC., an Illinois corporation, is an "employer" as defined in ERISA, and is obligated to report and pay fringe benefit contributions to the Funds under the terms of various collective bargaining agreement entered into by Defendant, and pursuant to the Agreements and Declarations of Trust governing the Funds.

5.      As an employer obligated to make fringe benefit contributions to the Funds, AREA ERECTORS, INC., is specifically required to do as follows:

   (a)     To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked or for which wages were received in such month by each and every person on whose behalf contribu-

tions are required to be made to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b)  To have a duly authorized agent verify said reports by signature and to accompany the reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c)  To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d)  To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 1 - 1 ½% per month on the whole amount of contributions remaining from time to time unpaid, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e)  To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f)  To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit their payroll books and records for audit, or to recover delinquent contributions;

(g)  To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

6.  AREA ERECTORS, INC., is delinquent and has breached its obligations to Plaintiffs in the following respects:

(a)  AREA ERECTORS, INC., has failed to make payment of all contributions acknowledged by Defendant to be due Plaintiffs for the period December 2011 to the present;

(b)  AREA ERECTORS has made partial payment of contributions due Plaintiffs for the period October 2011 through March 2012, but such payment was made in an untimely fashion pursuant to the collective bargaining agreement and Trust Agreements. Plaintiffs have assessed liquidated damages on such

amounts as authorized by the Trust Agreements and ERISA, but Defendant has failed and refused to make payment of said liquidated damages.

7.      That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant through April 30, 2012, for the period of October 2011 through March 2012, there is a total of $465,238.49 known to be due Plaintiffs from AREA ERECTORS, INC., subject however to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

8.      Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

9.      Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A)     That an account be taken as to all employees of AREA ERECTORS, INC., covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B)     That AREA ERECTORS, INC., be enjoined and ordered to verify and submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such verified reports while this is pending, and to comply with its contractual obligation to timely submit such reports in the future;

4

(C)     That judgment be entered in favor of Plaintiffs and against AREA EREC-
TORS, INC., for all unpaid contributions, liquidated damages, accrued
interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily
incurred in this action as specified herein, or as subsequently determined, all
as provided for in the plans and in ERISA;

(D)     That Plaintiffs have such further relief as may be deemed just and equitable
by the Court, all at Defendant's cost.


/s/   Patrick N. Ryan


Catherine M. Chapman
Patrick N. Ryan
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone:  (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\MIDJ\Area Erectors\#23940\complaint.wpd